UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
ALENS BERNADEAU,

              Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01057-FB

*Appearances:*
*For the Plaintiff*:
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, NY 11230

*For the Defendant*:
JACQUELYN KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
By: DENNIS CANNING, ESQ.
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Alens Bernadeau seeks review of the Commissioner of Social Security's denial of his application for supplemental security income. Both parties move for judgment on the pleadings. For the following reasons, Bernadeau's motion is granted, the Commissioner's motion is denied, and this case remanded for further proceedings.

**I.**

Bernadeau was employed as a New York City sanitation worker from 1990 until January 2012 when he began experiencing significant pain in his knees, lower

1

back, upper back, neck, arms, and hands. Bernadeau filed an application for benefits on August 14, 2012 that was denied on September 24, 2014 by ALJ Alan Berkowitz. Bernadeau then commenced an action in the Eastern District of New York under docket 16-CV-2848(PKC) that resolved when the parties stipulated to remand for further administrative proceedings. ALJ Janet McEenaney subsequently found that Bernadeau was not disabled on February 12, 2018.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating physician "as to the nature and severity of the impairment" unless it is "[in]consistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). When

deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019).

A. Step 1: Treating Physician's Opinion

At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id*. at 95.

Here, the ALJ assigned "little weight" to Bernadeau's primary care physician, Dr. Reddy. ECF No. 11-8 at 39. According to the ALJ, Dr. Reddy's conclusion was outdated, and the "lack of treatment after the amended alleged onset date [was] inconsistent with a finding of functional limitations stemming from medically determinable impairments during the period at issue." *Id*.

The ALJ also discounted the opinion of Dr. Ludwig Liccardi, an orthopedist who treated Bernadeau after his on-the-job injury. Dr. Liccardi concluded that Bernadeau was "totally disabled because of disc herniation in the lumbar spine." ECF No. 11-7 at 87; *see also id*. at 72 ("Bernadeau remains totally disabled"). His opinion was given "little weight" because his view was formed in the context of a workers' compensation claim and because Bernadeau's "daily activities" did "not support a finding that [he] suffers from disabling functional imitations." ECF No. 11-8 at 38. In addition to giving Drs. Liccardi and Reddy little weight, ALJ

McEneaney only gave "partial weight" to consultative examiner Dr. Vinod Thukral. ECF No. 11-8 at 38.[1]

The ALJ erred because she improperly focused on Bernadeau's ability to complete basic life tasks and his medical treatment decisions while totally discounting the treating sources.

The ALJ's strong reliance on Bernadeau's ability to complete some basic life tasks was misplaced.[2] "[I]t is well-settled that '[s]uch activities do not by themselves contradict allegations of disability,' as people should not be penalized for enduring the pain of their disability in order to care for themselves." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 69 (N.D.N.Y. 2012) (internal citations omitted). The Second Circuit has noted that "[w]hen a disabled person gamely chooses to endure pain in order to pursue important goals," such as completing household chores for the family, "it would be a shame to hold this endurance against him in determining benefits unless his conduct truly showed that he is capable of working." *Nelson v. Bowen*, 882 F.2d 45, 49 (2d Cir. 1989). The ALJ's opinion incorrectly suggests

---

[1] Bernadeau failed to attend consultative appointments scheduled in July and August of 2017. This can be grounds for rendering a finding of not disabled. *See* 20 C.F.R. § 404.1518(a). However, since Bernadeau appears to have moved and did not receive notices of the appointments, the Court finds this constitutes a minimally adequate "reason" for missing the appointments. *Id*. As a result, the Court will reach the merits.
[2] *See* ECF No. 11-8 at 37 ("He noted he watches television, reads, and listens to music. He testified that he could shower, get dressed, cook, clean, and do laundry by himself. He testified that he is able to drive (Hearing Testimony). I find that his ability to perform such activities does not support a finding that his medically determinable impairments cause functional limitations.")

4

that total incapacity to function is required to qualify for supplemental security income.

Moreover, the Second Circuit has made clear that ALJ's may not discount the treating sources merely because of the nature of the medical treatment ordered or received. Here, as in *Shaw v. Chater*, "the ALJ … imposed [its] notion that the severity of a physical impairment directly correlates with the intrusiveness of the medical treatment ordered." 221 F.3d 126, 134-35 (2d Cir. 2000). That "is not the overwhelmingly compelling type of critique that would permit the Commissioner to overcome an otherwise valid medical opinion." *Id*. at 135. At bottom, the ALJ's opinion amounts to wholesale rejection of all the medical evidence and an improper substitution of the ALJ's own judgment for that of the treating professionals. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("In analyzing a treating physician's report, 'the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion'") (internal citations omitted).

**B. Step 2: Weight Given to the Treating Physician and Mandatory Factors for Consideration**

At step two, "if the ALJ decides the opinion is not entitled to controlling weight, [she] must determine how much weight, if any, to give it" and must "explicitly consider" the four nonexclusive *Burgess* factors:

> (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the

consistency of the opinion with the remaining medical evidence; and
(4) whether the physician is a specialist.

*Estrella*, 925 F.3d at 95-96 (*citing Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) and 20 C.F.R. § 404.1527(c)(2)).

The ALJ's decision did not explicitly address the four nonexclusive *Burgess* factors. *See* ECF No. 11-8 at 320-24.

While the parties dispute the extent and severity of Bernadeau's injuries and impairments, the record contains significant information with which the ALJ must engage substantively. For example, the record makes clear that Bernadeau's work-related injury in 2012 has produced ongoing symptoms including "sharp" "lower back ache" and "left shoulder pain." *Id*. These injuries also produced functional limitations including "restricted range of motion … exacerbated by overhead activity, thoracic spine pain with muscle spasms, restricted range of motion" and "radicular symptoms into the bilateral lower extremities." ECF No. 11-7 at 68. Objective physical evidence corroborated these conclusions. *Id*. at 71. ("MRI study of the left shoulder … show[ed] posttraumatic impingement, AC hypertrophy and tendinopathy of the supraspinatus tendon" as well as "disc herniation [at] L5/S1.") The *Burgess* factors are designed to force engagement with these issues. They were glossed over by the ALJ.

An ALJ's failure to "explicitly" apply the *Burgess* factors is a "procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019). If the "Commissioner

has not [otherwise] provided 'good reasons' for [the] weight assignment," the appropriate remedy is remand for the ALJ to "comprehensively set forth [his] reasons." *Id.*; *see also Guerra v. Saul*, 778 Fed. Appx. 75, 77 (2d Cir. 2019). Remand is appropriate so that the *Burgess* factors may be given due consideration.

## CONCLUSION

For the foregoing reasons, Bernadeau's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                    /S/ Frederic Block
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
July  6 , 2020